HekbersoN, Chief-Justice.
 

 If we resort to authority, we shall find, that as soon as it was determined, that an executor or an administrator conlxl receive a bill ,or note as executor or administrator, and could sue thereon in his representative character, that those decisions were immediately followed by others, declaring that if the bill or note was not collected by the executor or administrator, but was left uncollected at his death, the right to collect and sue on it devolved upon the representative of the first testator or intestate, as unadministered by the first' representative. And were it not for a difference in the opinion of the court, I should think that there could not be a doubt upon the question. Because the reason why the executor or administrator could sue in his representative character, was that the bill or note was of the estate of his testator or intestate, yet -to be administered. On no other principle, could the action by him in that character be sustained. If unadministered by the first representative, the administration of it devolved on the administrator
 
 de bonis non;
 
 or the executor of the executor, as the case might be; who thereby became the executor of the first testator. ■ In the case of the administrator
 
 de bonis non,
 
 his commission or letters of administration direct and authorize him to
 
 administer all the estate of the testator or intestate miadministered by A. B. the former executor or administrator.
 
 And the law makes the same injunction to the executor of the executor, as to the unadministered estate of the first testator. When it was held for law, as it once >vas, that an executor or administrator could not receive a bill or note in his representative character, and of course could not sue on it in that character, it is not to be wondered at, that it was also held, that if he died, holding a note or bill, altho’ professed to be received in that capacity, and for a debt due to his testator or intestate, upon his death, his executor or administrator only could sue upon
 
 it;
 
 and the representative of the first testator or intestate could not. Indeed it would have been wonderful if it had
 
 *208
 
 hold, that the représeritativfe of the first testator could have sued. For it would have presented a case, where the administrator
 
 de bonis non
 
 could sue as such, where first administrator or executor could sue only in his private, and not in his representative character. It would be saying that the bill or note, in the hands of the first administrator or executor, was not of the .estate of the testator or the intestate
 
 ;
 
 but on the death .of the executor or administrator, it became so. The doctrine can only be attacked in the bud, in the right of the executor or administrator to receive a bill or note, as "executor or administrator. For if that is admitted, I think the other follows of course. In deciding this case, I have no in-, terest to support or deny the modern doctrine of the English courts, that he can. Indeed it seems now to be universally admitted there over since the case of
 
 King v. Thom,
 
 (1 T.
 
 R.
 
 487,) that executors or administrators may receive bills or notes in Iher official character. The doctrine has been gradually extending itself to other official acts. And in the case of
 
 Catherwood
 
 v.
 
 Chabaud,
 
 (8
 
 Eng. C. L.
 
 45,) where the assignment was to the administrator
 
 generally,
 
 not
 
 as administrator,
 
 yet being for .a
 
 debt due to the intestate,
 
 the. bill being uncollected by the administratrix in her life time, it was held, that it ^devolved on the administrator
 
 de bonis non,
 
 as assets of the estate of the first intestate, to be administered by him as unadministered by the first administratrix.
 

 I said, I felt no interest in supporting, the English decisions, that an executor or administrator, as such, might receive a bill or note, in order to support the opinion I have formed. For be that as it may in England, they can certainly in this state, take hills, bonds and notes in their representative character. The apts of our legislature direct executors and administrator's to sell the estate of their testator or.intestate
 
 on a credit, to take bonds
 
 with surety ; that the money
 
 when collected shall be assets,
 
 and prescribe bow judgments shall be entered against them before collection. Argument is useless, I think, to prove, that they hold the evidences of these debts in their official, and not in their individual character. The
 
 *209
 
 money due on the sales is not assets, until collected. They may therefore sue on these bonds, as executors or administrators, for they are of the estate of their testator or intestate unadministered, if they can, and should die before they do, the administrator
 
 de bonis non
 
 certainly can and must. They devolve on him as unad-ministerered assets of the first testator or intestate. It is- said, that inconveniences will result from giving- this right to the administrator
 
 de bonis non
 
 to sue: as that the-first executor or administrator will lose his right to retain for his own debt j and his opportunity of reimbursing himself for advances. Not so. lie has nothing to-do, but by some overt act, to make an appropriation, and the debt is his. It is administered. This, however, is not a contest between the two representatives ; but the debtor sets up this defence against the administrator
 
 de bonis non.
 
 Besides, we find this- bond in the hands of the administrator
 
 de bonis non;
 
 and we must presume, it came rightfully there. But if the law is settled, inconveniences cannot alter it. They can only bo thrown in, in doubtful cases, to show how the law is, and I think, from our acts of Assembly, were it not for the difference of opinion, that this is not one of those doubtful cases, where inconveniences should have any weight. But I think the inconveniences are the other way. If this be as contended for, that is, the first administrator’s own., debt, (and they who hold that the administrator
 
 de bonis non
 
 cannot sue, affirm it,) if the defendant, the pus-chaser at the sale, have a debt against the first administrator, he may. set it off; and thus make the administrator, who may he an insolvent, act unjustly against his will. For nothing can-prevent such debt being a set off, if the note-he the first administrator’s. They are due then in the same right, that is, both individually. They are therefore
 
 mutual.
 
 Thus the whole property may be swept away, by the creditors of the administrator purchasing up the property at the cxecutor’sor administrator’s sale, and setting off their debts against the executor or administrator. A further inconvenience will follow. The administrator
 
 de bonis non
 
 must stand by, and wait the
 
 *210
 
 pleasure of the representative of the first administrator or executor in the collection of the debts, and his further pleasure in paying them over to him, after he has collected them ; when it might be done at once, by authorizing the admistrator
 
 de bonis non
 
 to collect them.
 

 As to
 
 the
 
 objection, that it does not appear, that
 
 Til-lery
 
 was the first administrator, the bond shows it, as to this defendant. But if it did not, the letters
 
 de bonis non,
 
 of which the court had a
 
 proferí,
 
 do. They are to administer all the goods, not administered by
 
 Tillery,
 
 the former administrator. Í have taken it for granted, that this is a bond taken at a sale of the assets.
 

 Ham, Judge.
 

 It was held in
 
 Jenkins
 
 v.
 
 Plombe, (6 Mod.
 
 181) that where an executor sued
 
 as such,
 
 but might have sued in his own name, he was liable for costs.
 
 (Buyer’s Law of Costs. Atkey v. Heard, Cro. Car.
 
 219). And that was the reason given, why counts-in such an action, could not be joined with counts in an action, where an executor could sue only as executor ,* because it was said he was liable for costs in the first case, but not in the latter,
 
 (Rogers
 
 v.
 
 Cooke, 1 Salk.
 
 10.
 
 S. C.
 
 1
 
 Show.
 
 366.) and because the costs were entire and could not be severed. (Betts v.
 
 Michell
 
 10
 
 Mod.
 
 316). The objection therefore would not lie-against either suit, when brought singly, although in the name of tiie executor.
 

 In other cases however, the validity of this objection seems to be impaired
 
 ;
 
 for in
 
 Bull
 
 v.
 
 Palmer, (2 Lev.
 
 165,) the plaintiff charged, that the defendant covenanted with him as executor, and was nonsuited. It was held, that as the action was brought in right of his executorship^ and the money if recovered would be assets, he should not páy costs.
 
 (Partman
 
 v.
 
 Came, Str.
 
 682.
 
 Peacock v. Steere, Cro. Car.
 
 29.
 
 Mason
 
 v.
 
 Jackson,
 
 3
 
 Lev. 60).
 

 In another and a later case, the question was, not concerning costs, hut whether executors, to whom a bill of exchange had been endorsed, could sue upon it as executors. It was held that they could, because,
 
 amongst the
 
 reasons, it was said that the money, when recovered, would be considered as assets.
 
 (King
 
 v. Thom, 1 Term. 487).
 

 
 *211
 
 In a still later case, in an action of trover by an executrix for a conversion in the testator’s life-time, and also for a trover and conversion after his death, on a non-suit it was held, that the plaintiff was not liable for costs. And
 
 Butter
 
 stated, that whether the conversion was before or after, if the goods when recovered, would he assets in the hands of the executrix, she must sue for them in her representative character,
 
 (King
 
 v.
 
 St. Mary,
 
 4
 
 Term
 
 477).
 

 It was said in
 
 Cowell
 
 v.
 
 Watts,
 
 (6
 
 East
 
 405) that the correct and rational rule is, that counts may he joined, in which the money, if recovered, will he assets.
 
 (Petrie
 
 v.
 
 Hannay,
 
 3
 
 Term
 
 659).
 

 In the late case of
 
 Catherwood v
 
 .
 
 Chabaud.
 
 (8
 
 Eng C. L.
 
 45)- it was held, that where a hill of exchange was endorsed generally,hut delivered to
 
 S. C.
 
 as administratrix for a debt due to the intestate, and
 
 S. C.
 
 died intestate after the bill became due, and before it was paid, the administrator
 
 de honis non
 
 could sue upon the. bill. The money, in case it had been received by
 
 S. C.
 
 upon the bill of exchange, would have been assets of the estate of the intestate. As if was not received, the plaintiffs, the administrators
 
 de honis non,
 
 had a light to sue for it.
 

 This last case seems to he decisive of the one before the court. The note in question was given to
 
 Stephen Eure,
 
 as administrator of
 
 John Tillery.
 
 When
 
 Stephen Eure
 
 died, and letters of administration were granted to the plaintiff, she had a right to institute the present action, according'to the principles laid down in the foregoing authorities. Whether the debt was recovered by
 
 Stephen Eure,
 
 the former administrator, or by the pre-* sent plaintiff, the administratrix
 
 de honis non,
 
 it is assets of the estate of
 
 John Tillery.
 
 I therefore think, the non-suit should be set, aside and a new trial granted.